THE ORDEN GERMANIA, Respondent, *against* CHARLES E. DEVENDER, Appellant.

(Decided June 30th, 1884.)

In an action by an incorporated mutual benefit association against its treasurer, the complaint alleged that it was the duty of defendant as treasurer, to collect from the financial secretary of the association certain moneys belonging to it; that he negligently failed to do so, by reason of which failure the financial secretary was enabled to and did wrongfully convert such moneys to his own use; and that defendant himself had wrongfully

Orden Germania *v.* Devender.

converted to his own use a large sum of money belonging to plaintiff. The complaint prayed for an accounting and for judgment for such sum as might be found due thereon. *Held*, that defendant was entitled to a bill of particulars of the moneys claimed to have been collected by him and of the sums which plaintiff acknowledged having received from him during the period within which he was alleged to have received and converted the moneys mentioned in the complaint, specifying which of such sums were collected by him, and which were received by the financial secretary.

APPEAL from an order of this court, so far as it refused to grant the full relief prayed for by defendant on his motion for a bill of particulars.

The complaint alleged the incorporation of plaintiff, the institution by it of various grand lodges and branch lodges and officers, and their respective duties; among other things, that it was the duty of the financial secretary of the grand lodge to receive from the branch lodges and to pay over to the treasurer of the grand lodge, and it was the duty of the treasurer of the grand lodge to collect from the financial secretary and deliver to the central grand lodge, certain moneys belonging to plaintiff. It then alleged, that at all times between the 12th day of October, 1873, and the 16th day of December, 1881, defendant was the treasurer of the grand lodge in the State of New York of plaintiff; that between the 14th day of February, 1879, and the 16th day of December, 1881, the branch lodges of the plaintiff caused to be paid to the financial secretary of the plaintiff, in the grand lodge of the State of New York, certain specified moneys of plaintiff; that defendant abandoned the performance of his duties to the financial secretary of the plaintiff in the grand lodge of the State of New York, and negligently failed to receive and collect from the financial secretary all moneys so paid to him by branch lodges of plaintiff, from February 14th, 1879, to December 16th, 1881, by reason of which failure the said financial secretary was enabled to and did wrongfully convert to his own use the sum of two thousand dollars and over of moneys belonging to plaintiff, the exact amount, however, being unknown to plaintiff.

The complaint further alleged, that between the said 14th day of February, 1879, and the 16th day of December, 1881, large sums of money belonging to plaintiff, the exact amount being unknown to plaintiff, but exceeding the sum of two thousand dollars, were paid to and had and received by defendant as such treasurer, for and to the use and benefit of plaintiff; that defendant was requested to pay over to plaintiff all moneys and other property in his hands belonging to plaintiff; that he had neglected and failed to pay over to or account to plaintiff for a large sum of money belonging to plaintiff, to wit, the sum of two thousand dollars and over, the exact amount being unknown to plaintiff, and still neglected to do so; and that defendant had wrongfully converted to his own use the sum of two thousand dollars and over, of moneys in his hands belonging to plaintiff, the exact amount being unknown to plaintiff.

Defendant having duly answered the complaint, served on plaintiff's attorneys a demand for a bill of particulars of the sums of money which it was claimed defendant negligently failed to collect between February 14th, 1879, and December 16th, 1881, from the financial secretary; and also of all sums of money belonging to plaintiff which it was claimed were paid to defendant between said dates, and received by him as treasurer, &c., for the use and benefit of plaintiff; and also of all sums of money belonging to plaintiff, which it was claimed defendant failed to account for and pay over; and from whom and at what date it was claimed that defendant received the same.

The bill of particulars demanded not having been served, defendant obtained an order that plaintiff show cause why such bill of particulars should not be served on defendant's attorney; but the motion was denied, and on appeal to the General Term from the order denying the motion, it was affirmed, with leave to renew the motion on other affidavits.

Pursuant to the leave so granted a new motion was made for a bill of particulars such as demanded, and thereupon an order was made as follows:

" It is ordered that the plaintiff, within ten days after the

entry of this order, serve upon the defendant's attorney a bill of particulars showing the amount which the plaintiff's financial secretary wrongfully converted to his own use between the 14th day of February, 1879, and the 16th day of December, 1881, as alleged in the complaint. Also the amount which the plaintiff alleges the defendant neglected and failed to account and pay over to the plaintiff and then and now has in his hands as such treasurer, and the amount the defendant is alleged to have converted to his own use."

From this order, so far as it refused to grant the full relief prayed for by defendant, he appealed.

*A. J. Vanderpoel*, for appellant.

*Lewis Sanders*, for respondent.

J. F. DALY, J.—The defendant was entitled to a bill of particulars which should show what moneys it is claimed were collected by him and what sums plaintiff acknowledges to have received from him between February 14th, 1879, and December 16th, 1881, the periods mentioned in the complaint. The bill of particulars should also specify which of said sums were collected by defendant and which of said sums were received by the financial secretary, from whom defendant should have collected them. Plaintiff must prove all these particulars in order to sustain its claim that defendant has converted $2,000, or suffered the financial secretary to convert that sum by neglecting to collect it, and the defendant is entitled to know in advance of the trial the particulars of the claim thus to be proved. The statement of the complaint on the point is too general.

It is no answer to defendant's application for a bill of particulars to say that he is presumed to know what moneys he has collected and what moneys he has paid over. There is no presumption that he has information of moneys which he has collected but has not accounted for, because it is not to be presumed in advance of the trial that he has been guilty of such a breach of trust and that he therefore must

know the particulars of his guilt. He is certainly not presumed to know what a third party, the financial secretary, has collected and failed to account for.

The order should provide that plaintiff serve a bill of particulars on defendant's attorney within ten days, showing what sums it is claimed were received by the financial secretary of plaintiff between February 14th, 1879, and December 16th, 1881, from branch lodges of plaintiff, giving dates, amounts and from what lodges received; also showing what sums it is claimed were received for plaintiff by defendant as its treasurer between the same dates, giving the date and amount of each receipt, and from whom received; also showing what sums it is claimed were paid over by the financial secretary to defendant and by defendant to plaintiff between such dates.

Defendant should have $10 costs of the motion and $10 costs of this appeal besides disbursements of motion and of appeal.

BEACH, J., concurred.

Order accordingly.